# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LASHENA D. McELROY, an individual,
    Plaintiff,

      v.                         Case No.   15-cv-01104

CAMEO CARE CENTER, INC., a
Wisconsin corporation,
    Defendant.

_____/

## COMPLAINT

Plaintiff Lashena McElroy ("Ms. McElroy" or "Plaintiff") sues Defendant Cameo Care Center, Inc. ("Cameo Care" or "Defendant"), and alleges as follows:

1. Cameo Care violated Ms. McElroy's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (the "FMLA"), by failing to reasonably accommodate Ms. McElroy's disability, failing to grant her FMLA leave, failing to restore her to her position after FMLA leave, refusing her intermittent FMLA leave, subjecting her to different terms and conditions of employment and taking adverse action against her employment because of her disability.

2. Ms. McElroy is a citizen of Wisconsin, residing within the Eastern District of Wisconsin.

1

3. Cameo Care is a corporation incorporated under the laws of Wisconsin with its principal office within the Eastern District of Wisconsin.

4. This is an action to remedy violations of Federal law, to include the ADA and the FMLA. Ms. McElroy seeks all relief provided under the law of her claims including the relief provided at 42 U.S.C. §§ 1981a, 2000e-5, 12117 and 1988 and 29 U.S.C. § 2617.

5. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

6. Defendant did employ Plaintiff in the Eastern District of Wisconsin and the claims arose in the Eastern District of Wisconsin.

## GENERAL ALLEGATIONS

7. At all times relevant, Cameo Care was engaged in the business of providing living programs and assisted living services in Milwaukee, Wisconsin.

8. Cameo Care employed Ms. McElroy as a Human Resources Employee and Scheduler.

9. Ms. McElroy's employment with Cameo Care began on about October 3, 2012.

10. In March 2014, Ms. McElroy was diagnosed with a medical condition.

11. On about March 31, 2014, Ms. McElroy requested time off under the FMLA to receive treatment for her medical condition.

12. Cameo Care limits employee medical leave for medical conditions to 12 weeks. If an employee needs to take more than 12 weeks of leave for a medical condition, Cameo Care requires the employee to reapply for employment.

13. Ms. McElroy began a period of leave for her medical condition on about April 2, 2014.

14. Ms. McElroy provided FMLA certification for her medical condition from her doctor on April 10, 2014.

15. The FMLA certification stated that Ms. McElroy's anticipated return to work was June 16, 2014.

16. On about June 12, 2014, Ms. McElroy contacted Gail Connors ("Connors"), Cameo Care's Business Office Manager, to discuss her return to work (the "June 12th meeting").

17. In the June 12th meeting, Ms. McElroy told Connors that she was ready to return to work, however, she would require a flexible schedule to accommodate her continued treatment. Specifically, Ms. McElroy told Connors that her treatment would require her absence for 12 Fridays from June 20, 2014, through the end of September 2014.

18. In the June 12th meeting, Connors told Ms. McElroy that she did not think that it would be possible to grant her 12 Fridays off, but she would check with Cameo's administration.

3

19. Ms. McElroy provided Connors with a release to return to work on June 13, 2014, indicating that she was released to return to work without any restrictions.

20. On June 15, 2014, Ms. McElroy went to the hospital because of a sudden onset of illness associated with her medical condition.

21. On June 16, 2014, Ms. McElroy called Connors telling her that she would return to work on June 17, 2014, after her release from the hospital.

22. Ms. McElroy was not released from the hospital until June 17, 2014, at 3:30 pm.

23. Upon release from the hospital on June 17th, Ms. McElroy called Connors. Connors told Ms. McElroy that she did not need to come to work that day and she would call Ms. McElroy when they wanted her to come back to work.

24. Cameo Care terminated Ms. McElroy's employment on June 17, 2014, and treated Ms. McElroy as a potential new employee from that date forward.

25. Cameo Care's has a written Employee Handbook with a policy limiting leave for medical reasons that states, "The maximum leave allowed for all medical reasons will be 12 weeks in any twelve (12) month period."

26. Cameo Care terminated Ms. McElroy's employment on June 17, 2014, because of her medical condition, claiming that she exhausted her right to leave for her medical condition under its medical leave policy.

4

27. As of June 17, 2014, Ms. McElroy still had FMLA leave available.

28. On June 25, 2014, Ms. McElroy visited Cameo Care, meeting with Connors and Vince Bergstrom (Bergstrom), Cameo Care's Head of Nursing (the "June 25th meeting").

29. At the June 25th meeting, Ms. McElroy asked for an accommodation to her work schedule so she could receive treatments on Fridays for 12 consecutive weeks. Bergstrom and Connors discussed Ms. McElroy's employment and wrongly told her that they could not provide her with the Fridays off because Ms. McElroy's job is "too busy" on Fridays.

30. During the June 25th meeting, Bergstrom and Connors also told Ms. McElroy she could apply to the unit secretary position and to the medical records clerk position. The unit secretary position and the medical records clerk position pay about $4 per hour less than the compensation Ms. McElroy's had been earning with Cameo.

31. After June 17, 2014, Cameo Care would only consider Ms. McElroy for other positions if she applied and she would have to compete with other applicants.

32. Ms. McElroy has suffered damages due to Cameo's violation of her rights, to include lost income, financial hardship, and non-economic harms such as emotional distress, humiliation and frustration.

5

33. Plaintiff has retained the undersigned counsel to represent her in this action, and is obligated to pay attorney's fees and costs related to this action.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADA

34. Plaintiff incorporates paragraphs 1 through 33 as though fully alleged herein.

35. This is an action to recover all damages, interest, punitive damages, equitable relief and attorneys' fees and costs, on behalf of Plaintiff for violations of federal rights under the ADA to include the remedies in 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981a.

36. Cameo violated Ms. McElroy's rights under the ADA by failing to reasonably accommodate her disability, failing to conduct an interactive process to consider possible reasonable accommodations and terminating her employment.

37. Cameo Care's policy of terminating employees that need more than 12 weeks of leave in a 12 month period is an arbitrary policy that discriminates against employees with disabilities and violates the ADA by foreclosing the possibility of any interactive process to find reasonable accommodation.

38. Plaintiff filed a timely administrative complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC").

39. The EEOC issued the attached Notice of Right to Sue (Exhibit A) regarding the claims herein on June 11, 2015.

6

40. The EEOC found reasonable cause to believe Defendant violated Plaintiff's rights under the ADA.

41. Plaintiff has filed the instant claims within 90 days from the date she received the attached EEOC Notice of Right to Sue.

42. Defendant has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the year prior to and during the year in which the violations of the ADA occurred.

43. Ms. McElroy's medical condition was a physical impairment that substantially limited one or more of her major life activities, including but not limited to the operation of normal cell growth and working.

44. Plaintiff is an individual with a disability within the meaning of the ADA because she has an actual disability.

45. Plaintiff is an individual with a disability within the meaning of the ADA because she has a record of a disability.

46. Plaintiff is an individual with a disability within the meaning of the ADA because Defendant regarded or perceived her as having a disability.

47. Defendant is an employer and a covered entity under the ADA subject to its provisions.

48. Plaintiff has exhausted her administrative remedies and otherwise complied with all conditions precedent to bringing this claim.

49. Plaintiff could perform the essential functions of her position with or without reasonable accommodation.

50. Defendant wrongfully denied Plaintiff accommodations for her disability in violation of the ADA by failing to provide a reasonable accommodation and failing to engage and complete an interactive process with Ms. McElroy to find a reasonable accommodation.

51. Defendant was aware at all times during Plaintiff's employment that the ADA requires an employer to engage in an interactive discussion with an employee for finding reasonable accommodations and that taking adverse action on an employee's employment because of a disability violates the ADA.

52. Defendant's acts were intentional.

53. Defendant engaged in such discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

54. Plaintiff has suffered damages as a result of Defendant's violations of the ADA.

## COUNT II
## VIOLATION OF THE FMLA

55. Plaintiff incorporates paragraphs 1 through 33 as though fully alleged herein.

56. Plaintiff's medical condition was an illness or impairment that involved inpatient care in a hospital and inability to work due to the condition and subsequent treatment in connection with the condition.

8

57. Ms. McElroy's medical condition involved a period of incapacity because she could not work due to the condition, treatment therefore and recovery therefrom of more than 3 consecutive calendar days and subsequent treatment and incapacity relating to the condition along with treatment 2 or more times by a healthcare provider, treatment by a healthcare provider on at least 1 occasion which resulted in a regimen of continuing treatment under the supervision of the health care provider, incapacity and treatment due to the condition.

58. Ms. McElroy's medical condition was chronic because it required periodic visits for treatment by a healthcare provider or by a nurse or physician's assistant under direct supervision of a health care provider, continued over an extended period of time, and also caused episodic periods of incapacity.

59. Ms. McElroy's medical condition caused periods of absence to receive multiple treatments, including periods of recovery, by a health care provider or by a provider of health care services under orders of, or on referral by, a health care provider, for a condition that would likely result in a period of incapacity of more than 3 consecutive calendar days in the absence of medical intervention or treatment.

60. Cameo denied Ms. McElroy rights under the FMLA by failing to provide her with leave for her absence on June 17, 2014, denying her request

for intermittent leave for treatments, and by failing to return her to her position or a substantially equivalent position on about June 17, 2014 and instead terminating her employment.

61. On March 31, 2014, Defendant had employed Plaintiff for at least 12 months and Plaintiff worked at least 1,250 hours of service with Defendant during the 12-month period immediately preceding this date.

62. Plaintiff is an eligible employee under the FMLA.

63. Defendant was at all times relevant a entity engaged in commerce or in an industry or activity affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the year or year preceding the violations alleged herein.

64. Defendant is an "employer" under the FMLA.

65. Defendant violated the FMLA by interfering with, restraining and denying Plaintiff the exercise of or attempt to exercise rights under the FMLA.

66. Defendant either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FMLA.

67. Defendant's actions were willful.

68. Plaintiff suffered lost wages and the benefits of employment with Defendant as a result of Defendant's violation of Plaintiff's FMLA rights.

## PRAYER FOR RELIEF AS TO ALL CLAIMS

WHEREFORE, Plaintiff, Lashena D. McElroy, demands judgment against

Defendant as to all claims for the following relief:

A. Declare that Defendant has unlawfully discriminated against Plaintiff and violated her rights under the ADA and FMLA;

B. Issue an order enjoining further discrimination and violation of her rights;

C. Order all legal and equitable relief to which she is entitled, including but not limited to reinstating Plaintiff with all promotions and seniority rights or award front pay in lieu of reinstatement, and all back pay, compensatory, liquidated, punitive and other damages available to her under the law of her claims;

D. Award Plaintiff all costs, attorneys' fees, and expert witness fees; and

E. Award Plaintiff such other and further relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

Attorneys for Plaintiff, Lashena D. McElroy

Date: September 9, 2015

s/Gordon R. Leech
Wis. Bar No. 1039489

Consumer & Employment Law Center of Wisconsin, S.C.
4701 N. Port Washington Rd, Suite 101
Milwaukee, WI 53212
Tel: 414-431-1920
Email: gleech@celcwi.com

11